## STATE OF FLORIDA v WATT
### Case No. 89-0088 AC (A) 02
Fifteenth Judicial Circuit, Palm Beach County
December 14, 1990

### APPEARANCES OF COUNSEL

**David Bludworth,** State Attorney, and **Robert S. Jaegers,** Assistant State Attorney, for appellant.

**Richard W. Springer, Esquire,** Springer & Springer, for appellee.

Before CARLISLE, MOUNTS, SHOLTS, JJ.

### OPINION OF THE COURT

Deputy Sheriff Canady of the Palm Beach County Sheriff's Department noticed Appellant driving his motorcycle with his hands not on the handlebars, but folded "Indian-style." Watt was cited for being in violation of Florida Statutes § 316.2085(3). As a result of this traffic stop Watt was subsequently arrested for driving under the influence.

Appellant filed a motion to suppress stating that the traffic violation

that allegedly gave rise to the stop did not take place pursuant to the statute or otherwise. In granting the motion to suppress, Judge Schwartz acknowledged that the officer's interpretation that the statute required that a person riding a motorcycle must keep both hands on the handlebars at all times made good sense, and probably was the intent of the legislature. Judge Schwartz correctly reasoned, however, that was not how the statute was written. Finding that the defendant did not violate the law for which he was stopped, and that the officer didn't have any reasonable suspicion Watt was violating any other law, the motion to suppress was granted.

Florida's Rules for Traffic Court, Rules 6.165(b) and 6.455 provide that the court may allow the prosecutor to amend, in open court, a traffic citation alleging a criminal traffic offense to state a different traffic offense. Accordingly, we invite the parties to submit authority as to whether, if Watt had been charged with some other crime, it would have been sufficient to provide a good faith exception to the subsequent search.

CARLISLE, MOUNTS and SHOLTS, JJ., concur.